Wright, J.,
delivered the opinion of the Court.
These are attachment bills in the Chancery Court at Livingston, by the creditors of Cornelius Maxwell a non-resident debtor.
Various bills were filed by different creditors at different times. First by C. Lea, next by George W. Gore, third, by Lanier & Phillips, and lastly, by Thomas Maxwell.
A fund was produced by the sale of several tracts of land and other property, under a decree made in these causes, the same having been consolidated before the hearing.
The bill of C. Lea was filed and the attachment issued upon it and actually levied, before the bills of the other creditors were filed,
But they deny him priority or any interest in this fund, because they allege the sheriff made no valid or legal return of the levy upon the writ; and that, therefore, C. Lea acquired no lien, or if . he did, it has been lost by the omission of the sheriff to make the return.
This position is untenable. In the first place, it will be found upon an examination of the pleadings in these causes, that it is distinctly stated by George W. Gore, *367 Lanier & Phillips, and Thomas Maxwell, that C. Lea’s attachment had been levied and the property placed in custody of the law. And it is manifestly too lato now to make this a question in the cause.
But if this were not so, still the levy of C. Lea can be maintained as valid.
The attachment bill in his favor, and the writ of attachment issued upon it, specifically describe the land and other property sought to be attached.
The writ appears to have come to the sheriff’s hands on the 28th of April, 1857; and, on the 30th of that month, we find by his endorsement thereon, over Ms own name, a deputation to Vm. H. Wilson, “ to levy on the yoke of oxen, that I did not levy on the 29th of April, 1857, by virtue of this attachment.” And on the 1st of May of that year, Wilson, the deputy, makes his return on the attachment, showing that he had levied on the oxen. And upon a separate shent of paper returned with the attachment by the sheriff he gives the title of the suit thus: “ Canada Lea v. Cornelius Maxwell, attachment;” and then proceeds to state precisely when the writ come to his hands, and what he had done under it, showing that he had levied it upon all. the property “ described in the attachment in this eause issued by the clerk of the Livingston Chancery Court, on the 28th of April, 1857, in the suit of C. Lea v. C. Maxwell, and others.”
To this return his signature is affixed, and immediately thereafter, on the same paper, is endorsed a further levy on the 29th of April and 1st of May, 1857, of some things which seem to have been omitted by the sheriff; and this is signed by Henry Lea, deputy sheriff. *368 Hamilton, the sheriff, was examined as a witness and filed his deposition in the cause, in which he proved, that as sheriff of Overton county he made the levy at the time, and in all respects as stated in the above endorsements, and returned them with the attachment to the clerk and master’s office, to be filed in the cause; but from oversight omitted to sign his name to the return on the separate sheet of paper, until he had gone out of office, believing he had already done so. The argument here is, that this return is void, because not signed by the sheriff until after he had gone out of office; and, therefore, Canada Lea can have no lien or priority in virtue of his attachment.
It would, we think, be difficult to maintain this argument upon the face of these returns. Hut conceding that the sheriff could not he allowed to sign his return after he had gone out of office, and while the cause was yet pending in Court, and that the signatures of his deputies had no effect, yet it is a sufficient answer to this argument to say, that the levy being once actually made, its force and efficacy could not be destroyed or impaired by the failure of the sheriff to make a return of it; and especially so in a proceeding like this, where the property was described in the bill, and in the writ of attachment, and the Court had proper evidence of the levy, and proceeded to decree a sale of the property by proper description of it. In such a case, the purchaser’s title is complete.
We do not understand the law to be, that where a levy is made, the creditor’s rights under it, are dependent upon the sheriff’s return.
This principle, we think, is sustained by the case of *369 Mitchell v. Lipe, 8 Yer., 179, and authorities there referred to; Jackson v. Sternberg, 1 Johns. Cas., 185; Wheaton v. Sexton, 4 Wheat., 503.
That this levy was not impaired, we think will appear from another consideration.
It was the duty of the sheriff to levy these attachments in the order of time he received them. This he did, and made the proper returns in all the cases, except that of Canada Lea. These returns certainly gave the Court of Chancery jurisdiction to decree a sale of the property by which the fund was raised. Now is it possible, that in the distribution of this fund, where it is seen that all of these writs were in the hands of the sheriff, or his deputy, at the same time, and were actually levied on the same property, C. Lea’s being first-levied, that it can, upon any just principle, be held that Canada Lea is to have no part in it, because the-sheriff failed to make a return of the levy in his favor? We think not.
The Chancellor took this view of the case, and we; affirm his decree.